IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| POINTON PROPERTIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-12-1107-M |
| | ) |
| CITY OF CHOCTAW, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Before the Court is defendant's Motion to Dismiss Plaintiff's Complaint, filed October 26, 2013. On November 14, 2012, plaintiff filed its response, and on November 21, 2012, defendant filed its reply.

In the instant action, plaintiff seeks enforcement of a settlement agreement that resolved a prior case in this Court – *State of Oklahoma ex rel. The Oklahoma Department of Environmental Quality v. Trustee of Country Chateaus, et al.*, Case No. CIV-97-700-M. In neither the settlement agreement nor the Minute Order approving the settlement and administratively closing the case did the Court retain jurisdiction to enforce the settlement agreement. Additionally, in its Minute Order, the Court did not incorporate the terms of the settlement agreement.

Defendant moves to dismiss this action based, in part, upon the Court's lack of subject matter jurisdiction. The United States Supreme Court has held that once the parties to a lawsuit have settled and the district court has dismissed the case, the district court does not have ancillary jurisdiction to enforce the parties' settlement agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378-381 (1994). "A district court can, however, retain jurisdiction over a settlement agreement if the order of dismissal shows an intent to retain jurisdiction or incorporates

the settlement agreement." *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994) (citing *Kokkonen*, 511 U.S. at 381).

As set forth above, the Court did not retain jurisdiction to enforce the settlement agreement nor incorporate the terms of the settlement agreement in its Minute Order.  Accordingly, the Court does not have ancillary jurisdiction to enforce the settlement agreement in this case.  Additionally, plaintiff has set forth no independent basis for subject matter jurisdiction in this case.  The Court, therefore, finds that it lacks subject matter jurisdiction and that this action should be dismissed.

Accordingly, the Court GRANTS defendant's Motion to Dismiss Plaintiff's Complaint [docket no. 7] and DISMISSES this action.

**IT IS SO ORDERED this 26th day of February, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE